IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGIL SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 CV 2398 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| DR. LEON D. FINNEY, JR., | ) | |
| GEORGETTE FINNEY; | ) | |
| THE WOODLAWN COMM. DEV. CORP., | ) | |
| Officers and Board collectively and individually; | ) | |
| THE WOODLAWN ORG.; | ) | |
| CLARENCE NIXON; | ) | |
| CLARENCE NIXON CONSULTING; | ) | |
| MANNING AND SILVERMAN CO.; | ) | |
| MOARIJ KHAN; and | ) | |
| REZNIK GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Virgil Savage filed a three-count complaint in Indiana's Lake County Circuit Court, alleging "defamation/trespass to personal property/conversion/malicious interference with advantageous relationship/misrepresentation (deceit, fraud)" against his previous employer and a number of affiliated entities and individuals. Generally, he alleged that he was fired from his position as Chief Financial Officer of the Woodlawn Community Development Corporation ("WCDC") and the Woodlawn Organization ("TWO") when he discovered that his employers were, with assistance from the other defendants, engaging in questionable financial practices, which he reported to the United States Department of Housing and Urban Development ("HUD"). Defendants timely removed the case to the Northern District of Indiana under 28

U.S.C. § 1441.¹ Plaintiff filed an amended complaint, which some defendants moved to strike because it was filed without first seeking leave as required by Fed. R. Civ. P. 15(a). Magistrate Judge Andrew P. Rodovich denied the motion to strike and granted plaintiff leave to amend his complaint nunc pro tunc.

Next, two groups of defendants—WCDC and its officers and board of directors, and CNC Group, LLC and Dr. Leon Finney, Jr.—filed motions to dismiss the amended complaint or, in the alternative, to transfer venue or for a more definite statement. The court granted those motions with respect to transfer and invited defendants to renew their motions to dismiss or for a more definite statement in the transferee court. The case was transferred to this court under 28 U.S.C. § 1404(a), and the same defendants renewed their motions to dismiss or for a more definite statement. For the following reasons, defendants' motions are granted in part and denied in part.

Plaintiff's amended complaint adds one count (Count IV) to his original complaint, attempting to bring claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., and the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A. As defendants correctly point out, however, plaintiff fails to establish a basis on which this court may grant relief.

First, to maintain a qui tam action under the FCA, a private party such as plaintiff must satisfy several procedural requirements. He must first bring the action in the name of the United

---

¹ It appears, however, that defendants failed to attach plaintiff's state-court complaint to their notice of removal. Although "[a] defect in the removal procedure normally requires remanding a case that has been removed under section 1446(a)," Walton v. Bayer Corp., 643 F.3d 994, 998 (7th Cir. 2011) (citations omitted), plaintiff did not object to this procedural defect. The issue has thus been waived. Matter of Continental Cas. Co., 29 F.3d 292, 295-95 (7th Cir. 1994).

States government, see 31 U.S.C. § 3730(b)(1), serve the government with "a copy of the complaint and written disclosure of substantially all material evidence and information [he] possesses," 31 U.S.C. § 3730(b)(2), file the complaint in camera and under seal for sixty days, and wait for a court order before serving the defendants, see id. From the face of plaintiff's amended complaint, it appears that he did not comply with these requirements before filing this action. His claim was brought directly in the district court, under his name, and was not filed under seal. Plaintiff argues that "the body of the complaint references the federal agency HUD," and therefore it is clear that he has brought the suit in the name of the federal government. Plaintiff further states that he "has set this matter before the government, HUD, prior to filing this law suit [sic] and has since continued with the suit in his own name."[2] Although it is unclear what plaintiff's position is, it is possible that he is attempting to argue that he complied with the procedural requirements and the government declined to intervene. Regardless, the docket reflects that plaintiff did not file the complaint in camera and under seal, and that the government never notified the court whether it was intervening or declining to do so. Thus, plaintiff cannot maintain an FCA action.

Count IV also purports to allege a claim under SOX. But under that statute, at 18 U.S.C. § 1514A, only employees of publicly traded companies or nationally recognized statistical rating organizations are protected against alleged retaliation. The amended complaint fails to allege that any of the defendants fit within either of those categories. Plaintiff's response brief fails to

---

[2] Plaintiff also attempts to refer the court to "the previous exhibits attached to the previous pleadings," but according to the electronic docket, neither the original state-court complaint nor the amended complaint filed in the Northern District of Indiana included any exhibits.

3

refute defendants' argument regarding this defect, likely because there is no way to do so. Instead, plaintiff cites to some of the statute's legislative history, then argues as follows: "It is clear that the scope of [SOX] is driving towards protection and is designed for the protection of an employee who blows the whistle on violations of the law by any employer. Which is what we have in the instant case." Plaintiff additionally argues that "defendant" (presumably the WCDC, although plaintiff does not specify) "is held to the standards of a government agency and therefore would fall under [SOX]" because it had a procurement contract with HUD. This is nonresponsive and does nothing to convince the court that plaintiff's SOX claim is properly pled. Defendants next argue, incorrectly, that plaintiff's three other claims, initially pled in his original complaint and incorporated by reference into this complaint, must fail because such incorporation is impermissible. Defendants rely on the fact that "[i]t is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citations omitted). Although this is correct, defendants fail to acknowledge that even though the original complaint is no longer part of the action, the amended complaint may incorporate the earlier pleading's allegations if it does so explicitly and precisely, as the instant complaint has done. See 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1476, pp. 640-41 (3d ed. 2010) ("An amended pleading may adopt some or all of the averments of the original pleading in conformity with the incorporation by reference practice permitted by Rule 10(c)."); Wellness Community-National v. Wellness House, 70 F.3d 46, 49 (7th Cir. 1995). While "the safer practice is to introduce an amended pleading that is complete in itself, rather than one that refers to the prior pleading or seeks to incorporate a portion of it,"

4

plaintiff's decision to incorporate his previous complaint is not fatal. 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1476, p. 641 (3d ed. 2010).

Although defendants are incorrect on this point, they are nonetheless correct that the allegations of plaintiff's original complaint fail to state a legally cognizable claim for "malicious interference with advantageeous [sic] relationship/misrepresentation" (Count III). Defendants have construed this as a claim for tortious interference with a business relationship, and plaintiff has not disabused them of that notion. In Indiana, "illegal conduct is an essential element of tortious interference with a business relationship," and "defamation does not satisfy that element." Levee v. Beeching, 729 N.E.2d 215, 222-23 (Ind. Ct. App. 2000), cited in Popovich v. Weingarten, 779 F. Supp. 2d 891, 896 (N.D. Ind. 2011) (explaining that "defamation cannot serve as underlying conduct of interference claim" under Indiana law). Plaintiff's claim is based solely on his allegations that defendants defamed him. Count III therefore fails to state a claim under Indiana law.

Defendants also argue that the individual officers and directors of WCDC cannot be held individually liable for conduct alleged to have occurred in connection with their official corporate capacities. "[W]hen officers act in their official capacity as agents of the corporation, they act not as individuals but as the corporation itself." Trail v. Boys and Girls Clubs of Northwest Indiana, 845 N.E.2d 130, 138 (Ind. 2006). Plaintiff's claims arise out of his termination as WCDC's Chief Financial Officer, and he alleges no facts that would indicate that any defendant was acting outside his or her official capacity as an officer or director of WCDC. Plaintiff has therefore failed to state a claim against the WCDC's officers and board of directors.

5

The court also notes that in his response brief, plaintiff attempts to add to his amended complaint a claim under the Illinois Whistleblower Act (found at 740 ILCS 174/1 et seq., although plaintiff has not included this citation). Although a plaintiff may attempt to defeat a motion to dismiss by submitting a brief that adds facts to his complaint—so long as "these facts are consistent with the allegations in the complaint"—a brief cannot amend a complaint and add new legal claims. Hentosh v. Herman M. Finch Univ., 167 F.3d 1170, 1173 n.3 (7th Cir. 1999) (quoting Hrubec v. Nat'l R.R. Passenger Corp., 981 F.2d 962, 963–64 (7th Cir. 1992)); see Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599 (7th Cir. 2009) (citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1103 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).

In addition, plaintiff's response brief attempts to add to his "previously plead [sic] paragraphs" two new paragraphs describing the history of the FCA. Although again plaintiff does not provide citations, the first paragraph appears to be lifted from the Columbia Electronic Encyclopedia, 6th ed. (2007). The court could not determine the second paragraph's origin. In any event, even if the court permitted this amendment, these paragraphs do not add any facts, and therefore could not defeat defendants' motions to dismiss.

Finally, defendants request that if the action is not dismissed, then a more definite statement should be compelled pursuant to Rule 12(e). For the court to grant such a request, defendants must "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Defendants argue that plaintiff "simply sued anyone and everyone associated with his former employer(s), under a myriad of legal theories, in an attempt to place blame for the

termination of his at-will employment," and assert that plaintiff should "file a legally viable Complaint consistent with his obligations under Rules 8, 9 and 11 of the Federal Rules of Civil Procedure." The court agrees and therefore grants the motions for a more definite statement. Plaintiff is directed to file a second amended complaint alleging the two surviving counts—defamation and "trespass to personal property/conversion"—against the appropriate defendants, keeping in mind the "short and plain statement" requirement of Rule 8(a)(2).[3]

For the foregoing reasons, defendants' motions to dismiss are granted in part and denied in part. Counts III and IV, and plaintiff's claims against the WCDC officers and directors in their individual capacities, are dismissed without prejudice. Defendants' motions for a more definite statement are denied; plaintiff is ordered to file a second amended complaint conforming to this opinion on or before July 16, 2012. The parties are directed to prepare and file a joint status report using this court's form on or before July 20, 2012, and appear for a status hearing July 26, 2012, at 9:00 a.m.

**ENTER:** **June 20, 2012**

_____
**Robert W. Gettleman
United States District Judge**

---

[3] Pursuant to L.R. 83.15, plaintiff must designate local counsel in addition to his current Indiana-based attorney.